UNION HEALTH & ACCIDENT CO., PETITIONER, *v*. COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 17991.   Promulgated November 25, 1927.

*Samuel E. Marshall, Esq.*, for the petitioner.
*Granville S. Borden, Esq.*, for the respondent.

358

OPINION.

SIEFKIN: The only evidence of March 1, 1913, value, aside from exhibits showing income from the various sources, disbursements and dividends, as set out in our findings of fact, was the opinion testimony of a qualified expert. This witness was given exhibits showing income disbursements and dividends and asked if he could express an opinion as to the relative values on March 1, 1913, and

the date of sale of the property sold in 1921. His answer was that he could express such opinion and that he thought the property sold was worth no more in 1921 than it was in 1913. On cross examination he admitted the basis of his opinion to be faulty in that factors not before him would affect the values in question. Obviously such an opinion, standing alone, has little weight in determining values as of the basic date.

It does not require extended discussion to point out deficiencies in evidence necessary to an independent conclusion on our part as to March 1, 1913, values. Petitioner urges that what it sold was a policy list, together with the data necessary to enable the purchaser to acquire and hold the business it represented and that such asset, though fluctuating, was in existence at the basic date. Petitioner apparently considers the income shown under the head "underwriting net income" to be the principal factor in determining the value of the assets sold. Because the assets sold for $16,410 in 1921, despite losses in underwriting income in 1918, and 1920, petitioner would have us conclude that the March 1, 1913, value was at least $16,410, despite the fact that there were losses in underwriting income for the three years preceding the basic date. It may well be true that the properties sold had a value despite said losses in 1913 as well as in 1921, but such values might have been due to other factors or conditions which we can not assume remained constant over so long a period of time.

Nor are the amounts shown as investment income for the various years helpful in finding the value in question, as the invested assets were not sold, and we are not informed as to what extent the investments represent income derived from the business. We do not think the evidence sufficient to overcome the presumption of correctness inhering in respondent's determination.

*Judgment will be entered for the respondent.*

Considered by TRAMMELL, MORRIS, and MURDOCK.